USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :
                                   :    10 CR 1046 (VM)
     - against -                   :
                                   :    ORDER
SHON NORVILLE,                     :
                                   :
                   Defendant.      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Shon Norville ("Norville") to 180 months' imprisonment followed by 5 years' supervised release. (See Dkt. No. 172.) Norville is serving his sentence at FCI Fort Dix ("Fort Dix").

Norville has requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582(c)(1)(A)") due to the COVID-19 pandemic. (See "Motion," Dkt. No. 314.) Norville argues that Fort Dix is overcrowded and unsanitary, and that inmates are incapable of social distancing as required to prevent the spread of the virus. He also notes that he suffers from certain medical conditions, including acute seasonal allergies and severe sinusitis, that increase his risk were he to contract COVID-19. (Motion at 4.[1]) Norville states that if released, he would reside with family who would provide him with the necessary support to

---

[1] The Court cites to the page numbers of the PDF filed on the docket.

reenter society and would have two jobs waiting for him. (Motion at 12, 14-15.)

Pursuant to the Court's Order (see Dkt. No. 316), the Government responded to the Motion. (See "Opposition," Dkt. No. 317.) The Government argues that Norville has failed to demonstrate that extraordinary and compelling reasons justify a reduction in his sentence, because Norville has not established that he is at risk for severe illness, nor demonstrated that the conditions at Fort Dix are so dangerous as to make his circumstances "extraordinary." The Government next argues that a reduction in Norville's sentence would be unjustified under the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)"), given the seriousness of his offense. The Government points out that the Court sentenced Norville to a term of imprisonment that was 55 months below the bottom of the stipulated Guidelines range. The Government also outlines all the steps taken by the Bureau of Prisons ("BOP") in responding to the COVID-19 pandemic.

Before reducing a term of imprisonment or supervised release, the Court must consider the factors set forth in 18 U.S.C. Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on

the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions. Section 1B1.13 Application Note 1(A)(i).

The Court is not persuaded that Norville has met this standard. The Court remains highly sympathetic to the many fears that COVID-19 presents to incarcerated individuals, and also assumes, without deciding, that Norville has demonstrated exhaustion, despite a measure of uncertainty on this point.[2] Nevertheless, the Court finds that Norville has not demonstrated that extraordinary and compelling reasons warrant a reduction in sentence at this time. Norville is relatively young, compared to the high-risk group identified by the Centers for Disease Control and Prevention, and has not argued that he suffers from a terminal illness or "a serious deterioration in physical or mental health because of the aging process." U.S.S.G. Section 1B1.13 Application Note 1(B). Norville has also not shown that the steps taken by Fort Dix are inadequate. Indeed, the specific division of his facility in which he is housed (Fort Dix – Low) has had zero confirmed cases. While the Court understands Norville's

---

[2] See Opposition at 5 (noting that Norville requested compassionate release on April 30, 2020, and that on May 5, 2020, BOP asked him to resubmit his request and provide more specificity as to the basis for his request); see generally Section 3582(c)(1)(A) (requiring that an inmate exhaust his administrative remedies before seeking action from the Court).

concerns, it is persuaded that Fort Dix is taking precautions as necessary. See, e.g., United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma, hypertension, and heart conditions housed in facility with 40 documented cases of virus). Because the Court finds that Norville has not met the requirements of Section 3582(c)(1)(A), it need not weigh the factors set forth in Section 3553(a).

The Court recognizes that the conditions at Fort Dix, as at any correctional facility, conceivably could change materially, such that the facility would be unable to provide Norville with health care appropriate to his needs. If Norville is able to present sufficient evidence supporting such a showing, he may renew the motion at that time.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Shon Norville for compassionate release (Dkt. No. 314) is **DENIED**. The Clerk of Court is respectfully directed to send a copy of this decision to Shon Norville.

**SO ORDERED.**

Dated:   New York, New York
         29 May 2020

                                    _____
                                    Victor Marrero
                                    U.S.D.J.