**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X

UNITED STATES OF AMERICA,     :

    :

    :

      -against-     :

    :

SHON NORVILLE,     :

    :

             Defendant.     :

----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 3, 2021

**10 CR 1046 (VM)**
**DECISION AND ORDER**

**VICTOR MARRERO, U.S.D.J.:**

On October 12, 2012, defendant Shon Norville ("Norville") was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Norville was sentenced to a term of 180 months' imprisonment. (<u>See</u> Dkt. No. 172.) Norville is currently serving his sentence at F.C.I. Fort Dix.

On May 19, 2020, Norville requested immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for reasons related to the COVID-19 pandemic. (Dkt. No. 314.) Norville argued that overcrowded and unsanitary conditions, combined with the inability for inmates to socially distance, at F.C.I. Fort Dix supported his release. Norville also argued that his acute seasonal allergies and severe sinusitis increased his risk of severe illness were he to be infected with COVID-19. After considering Norville's arguments as well as the Government's arguments in opposition, the Court

ultimately denied Norville's request. The Court explained that Norville is relatively young, does not suffer from serious health issues, and had not shown that the steps to mitigate the pandemic taken by F.C.I. Fort Dix were inadequate. United States v. Norville, No. 10 CR 1046, 2020 WL 4742909, at *1 (S.D.N.Y. June 1, 2020). The Court stated that if Norville could show material changes in the facility's conditions, he could renew his motion at that time. Id. at *2.

Now before the Court is Norville's April 21, 2021 renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). ("Renewed Motion," Dkt. No. 323.) For the reasons set forth below, the Court DENIES the Renewed Motion.

As an initial matter, the Court assumes, without deciding, that Norville has satisfied Section 3582's exhaustion requirement. "[A] defendant may go to court 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." United States v. Brooker, 976 F.3d 228, 233 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Norville has attached an "Inmate Request to Staff Response" to his Renewed Motion, which states that

Norville should "re-submit [his] request" for compassionate release "with the one specific category" of circumstance that he believed to be extraordinary or compelling if he still wished to be considered for compassionate release. (Renewed Motion at 39.) This document suggests that any decision the Bureau of Prisons ("BOP") reached in Norville's case was not based on the merits of his request, but rather on a procedural error in making that request. The Court need not determine whether such a decision is sufficient for exhaustion purposes, however. Even assuming Norville has exhausted his administrative remedies, the Court is not persuaded a reduction is warranted.

To grant a sentence reduction under 18 U.S.C. § 3582(c)(1), the Court must find that "extraordinary and compelling reasons warrant such a reduction." Under this provision, courts are authorized "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "[T]he statute allows for any sentence reduction -- up to and including but not limited to time served -- so long as that reduction is warranted by extraordinary and compelling reasons, consistent with the applicable policy statement, and appropriate in light of the

Section 3553(a) factors." United States v. Rodriguez, No. 00 CR 761, 2020 WL 5810161, at *2 (S.D.N.Y. Sept. 30, 2020). The only statutory limitation is that rehabilitation alone shall not be considered an extraordinary and compelling reason; otherwise, "a district court's discretion in this area -- as in all sentencing matters -- is broad." Brooker, 976 F.3d at 237-38.

Having reviewed Norville's thorough submission, the Court is not persuaded that Norville has demonstrated extraordinary and compelling circumstances. First, Norville's age and health conditions do not place him at increased risk for severe illness were he to contract COVID-19. Acute allergies, though they may make it difficult for Norville to breathe, are not among the risk-enhancing conditions that health authorities have identified. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021). And Norville, at forty-nine-years old, is relatively young, which further reduces his risk. Although the risk of severe illness from COVID-19 increases with age, this "risk increases from the age of 50," making COVID-19 "extremely dangerous for people in their mid-fifties, sixties and seventies." Smriti Mallapaty, The

*Coronavirus Is Most Deadly If You Are Older And Male — New Data Reveal the Risks*, Nature (Aug. 28, 2020), https://www.nature.com/articles/d41586-020-02483-2.

Nor is the Court persuaded that Norville's religious beliefs, which would compel him to decline vaccination were it offered, constitute extraordinary and compelling circumstances, at least in light of Norville's age and health. The Court understands that vaccination can allay many individuals' concerns about the risk of developing severe illness from COVID-19. But because of Norville's health and age, he faces a much lower risk of developing severe illness than other inmates who may have underlying conditions. Regardless, the Court has not found any authority suggesting that Norville's religious circumstances are extraordinary or compelling warranting release. Cf. United States v. Georgiou, No. 09 CR 88, 2021 WL 1122530, at *8 (E.D. Pa. Mar. 23, 2021).

Furthermore, the conditions at F.C.I. Fort Dix, though far from ideal, are insufficient to constitute extraordinary and compelling circumstances at present. It is true that F.C.I. Fort Dix has faced significant criticism for its handling of the pandemic, a fact Norville notes in his Renewed Motion. See, e.g., George Woolston, NJ Senators Menendez, Booker Call for More COVID-19 Vaccinations at FCI Fort Dix, Burlington Cty. (NJ) Times (Apr. 23, 2021),

https://www.burlingtoncountytimes.com/story/news/2021/04/23/n-j-delegation-wants-faster-vaccine-rollout-fci-fort-dix-covid-19-prisons-south-jersey-pandemic/7340809002/. And F.C.I. Fort Dix has previously had serious waves of infections; the BOP reports that 1,802 inmates and ninety-one staff members have recovered after testing positive, and two inmates have died. See COVID-19, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 26, 2021). But as of April 26, 2021, the BOP reports only six positive cases among inmates and staff. See id.

Moreover, while the Court recognizes, and is sympathetic to, the acute threat from COVID-19 incarcerated individuals face as a result of cramped and unsanitary conditions and issues with institutional responses to the pandemic, see Eddie Burkhalter, et. al, Incarcerated and Infected: How the Virus Tore Through the U.S. Prison System (N.Y. Times Apr. 10, 2021), https://www.nytimes.com/interactive/2021/04/10/us/covid-prison-outbreak.html, this threat alone does not constitute an extraordinary and compelling circumstance. While the widespread nature of the threat inmates face makes it no less problematic in practice, courts have nonetheless denied motions for compassionate release when the defendants are "no different from a host of other prisoners" and absent evidence

of extensive transmission in their facilities. <u>See</u>, <u>e.g.</u>, <u>United States v. Pinto-Thomaz</u>, No. 18 CR 579, 2020 WL 1845875, at *2-3 (S.D.N.Y. Apr. 13, 2020).

Finally, the Court commends Norville's rehabilitative efforts and participation in educational courses throughout his incarceration. But rehabilitation on its own cannot satisfy the requirements of Section 3582(c)(1). <u>See</u> <u>Brooker</u>, 976 F.3d at 237-38.

## ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion by defendant Shon Norville for a sentence reduction under 18 U.S.C. § 3582(c)(1) is DENIED.

The Clerk of Court is hereby directed to mail this Order to Shon Norville, Register Number 63964-054, at F.C.I. Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated:    New York, New York
          2 May 2021

_____
                Victor Marrero
                U.S.D.J.