USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :       10 CR 1046 (VM)
     - against -                    :
                                    :       ORDER
SHON NORVILLE,                      :
                                    :
               Defendant.           :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Now before the Court is a motion by defendant Shon Norville ("Norville") requesting a judicial recommendation of placement in a residential reentry center ("RRC") for the last twelve months of his incarceration. (See "Motion," Dkt. No. 330.) For the reasons stated below, the Motion is hereby DENIED.

## I.  BACKGROUND[1]

On May 18, 2012, before Magistrate Judge Katz, Norville pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. Sections 846 & 841(b)(1)(A). This Court accepted his guilty plea on May 23, 2012, finding that Norville entered the guilty plea knowingly and voluntarily. On October 5, 2012, Norville was sentenced to 180-months' imprisonment, followed by five years of supervised release. The Court recommended

---

[1] All factual and procedural background is drawn from prior proceedings and filings in this matter. Except where directly quoted, no citations will be made to the relevant docket entries.

1

the Bureau of Prisons ("BOP") place Norville in the Federal Correctional Institution, Otisville, but provided no further recommendations to BOP.

In the years since his sentencing, Norville has moved for relief on several occasions. In July 2014, he filed a motion to vacate under 28 U.S.C. Section 2255, followed by a motion for retroactive application of the Sentencing Guidelines in August 2014. (See Dkt. Nos. 200, 202.) The Court denied both motions. (See Dkt. Nos. 211, 223, 214 (denying motion for reconsideration of sentence-reduction decision).) Norville moved for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) and the First Step Act in May 2020 and again in April 2021. (See Dkt. Nos. 314, 323.) Both motions were denied. (See Dkt. 320, 324.)

On July 14, 2021, Norville filed the instant Motion requesting a judicial recommendation of RRC placement. The Government opposed the motion, arguing that it was premature to make any recommendation and that BOP is best positioned to make the determination. (See "Opposition," Dkt. No. 332.)

Norville is currently incarcerated in Federal Correctional Institution, Fort Dix ("FCI Fort Dix"), a BOP facility. He is scheduled for release in August 2023.

## II.  LEGAL STANDARD

An inmate in the BOP system may be transferred to an RRC pursuant to 18 U.S.C. Section 3524(c)(1), as amended by the Second Chance Act, which states that BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3524(c). Inmates are evaluated for RRC placement on an individual basis using the criteria listed in 18 U.S.C. Section 3621(b).

The BOP is statutorily empowered to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The agency has "broad discretion over inmate placement, and [relevant laws and regulations] permit the BOP to make placement decisions in light of available resources." United States v. Accardi, 11 Crim. 12, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) (quoting Mitts v. Strada, 12 Civ. 5538, 2013 WL 764739, at *3 (E.D.N.Y. Feb. 28, 2013)). Thus, even when the Second Chance Act allows for RRC placement, the statute does not require it and the ultimate decision whether to move an inmate to an RRC lies with the BOP. See id.; see also 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall

be construed to limit or restrict the authority of the Director of the Bureau of Prisons under [18 U.S.C.] section 3621.")

In designating an inmate's place of imprisonment, the BOP may consider a "statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

### III. DISCUSSION

When sentencing Norville, this Court did not recommend RRC placement. Norville is now asking the Court to alter its recommendation, which in essence, modifies the Court's sentence and judgment. Norville cites his personal growth in prison as justification for a judicial modification of his sentence. Specifically, he has completed over 500 hours of continuing education courses, over 100 hours of vocational training, and he became a certified personal trainer since entering BOP custody. (Motion at 2.) Norville also enrolled in the 500-hour Residential Drug Abuse Program, but due to the ongoing COVID-19 pandemic, the program was suspended before he could begin his participation. (Motion at 3.)

All are noteworthy achievements, and the Court commends Norville's dedication to rehabilitation while incarcerated. However, the Court is confident that BOP will consider and give weight to each of those reasons when determining whether

4

to transfer Norville to RRC placement. FCI Fort Dix has a policy of reviewing inmates' suitability for RRC placement 17- to 19-months prior to scheduled release. (See Opposition at 1.) Norville's motion before this Court was filed approximately twenty-five months before his release date, before BOP had the opportunity to evaluate whether transfer to an RRC would be appropriate.

As the power to determine a defendant's place of imprisonment lies with BOP, see 18 U.S.C. § 3621(b), the Court finds it appropriate to wait to provide judicial recommendation until after FCI Fort Dix determines whether Norville should be placed in an RRC for the final twelve months of his sentence. Norville has spent several years in BOP custody and under the agency's supervision, so BOP is best suited to determine whether RRC placement is appropriate for Norville.

Further, several courts in this Circuit have construed motions for a judicial recommendation of RRC placement as petitions for writs of habeas corpus under 22 U.S.C. Section 2241, as the motion essentially challenges the defendant's conditions of confinement. See United States v. Henderson, 15 Crim. 487-18, 2019 WL 1460402, at *2 n.4 (S.D.N.Y. Mar. 18, 2019) (collecting cases). Section 2241 petitions may only be brought after the inmate exhausts BOP's Administrative Remedy

Program. Id. (quoting Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009)).

On the record before the Court, it does not appear that Norville exhausted the BOP's administrative remedy prior to bringing this motion. Thus, this Court may not assess Norville's motion at this time. Norville's request for a recommendation of RRC placement must first pass through the BOP's Administrative Remedy Program, and if his requested relief is denied there, he may then seek relief in this Court.

## IV.  ORDER

It is hereby **ORDERED** that defendant Shon Norville's request for judicial recommendation (Dkt. No. 330) is **DENIED**.

The Clerk of the Court is hereby directed to mail this Order to Shon Norville, Register Number 63964-054, at F.C.I. Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated: New York, New York
       12 January 2022

_____
Victor Marrero
U.S.D.J.