USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/23/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES,<br><br>               - against -<br><br>SHON NORVILLE,<br><br>               Defendant. | **10-CR-1046 (VM)**<br><br>**MEMORANDUM AND ORDER** |

**VICTOR MARRERO, United States District Judge.**

On May 18, 2012, Shon Norville ("Norville") pled guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. Sections 841(b)(1)(A) and 846. On October 12, 2012, this Court sentenced Norville to 180 months' imprisonment, to be followed by five years of supervised release. (See Dkt. No. 172.) Norville's term of supervised release began on August 23, 2022, and is scheduled to end on August 23, 2027. (See Dkt. No. 339.)

Now before the Court is Norville's *pro se* motion for early termination of his supervised release. (See Dkt. No. 334.) The Government recommends that the Probation Department "determine the extent to which a modification of the conditions of Norville's supervised release" may be appropriate but otherwise "takes no position on the Motion

and defers to the Probation Office." (Dkt. No. 339.) The Probation Department does not object to Norville's request.

A district court may, in its discretion, after considering the criteria set forth in 18 U.S.C. Section 3553, grant a defendant's motion for early termination of supervised release "after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). "Exceptionally good behavior by the defendant" can justify early termination, as might "new or unforeseen circumstances" that were not present at sentencing. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Norville's conduct since his release demonstrates exceptional rehabilitation. He has consistently complied with the conditions of his supervised release. Recently, Norville obtained his commercial driver license ("CDL") in order to secure "stable, long-term employment." (See Dkt. No. 334.) In a letter of recommendation, the general manager of the program from which Norville received his CDL praises Norville's commitment, growth, and responsibility. (See id.) Norville now seeks early termination of his supervised release to facilitate better employment opportunities using his newly attained CDL. (See id.)

Norville's attainment of his CDL and employment opportunities presents a change in circumstances that, along with his successful reentry to the community post-release, warrants early termination of his term of supervised release. See United States v. Bennett, No. 11-CR-424, 2021 WL 4798827, at *1 (E.D.N.Y. October 14, 2021). Additionally, the Court weighs heavily the Probation Department's decision not to object to early termination. Accordingly, Norville's motion for early termination of supervised release is **GRANTED.**

**SO ORDERED.**

Dated:    23 April 2026
          New York, New York

_____
Victor Marrero
U.S.D.J.